WEISS v. BADER.

(Supreme Court, Appellate Division, Second Department. February 28, 1908.)

EXECUTORS AND ADMINISTRATORS—CLAIMS AGAINST ESTATE — SERVICES AS
NURSE—EVIDENCE.

In an action against an estate of a decedent for services rendered decedent as a nurse, evidence examined, and *held* insufficient to establish the value of the services awarded plaintiff in the trial court.

Appeal from Municipal Court, Borough of Brooklyn, Fourth District.

Action by Emily Weiss against John L. Bader, as administrator with the will annexed of Louis Bader, deceased. From a judgment for plaintiff, defendant appeals. Reversed, and new trial ordered.

Argued before JENKS, HOOKER, GAYNOR, RICH, and MILLER, JJ.

Frank A. Crowe, for appellant.
Frederick B. Maerkle, for respondent.

PER CURIAM. This is an action by a sister against the estate of her brother to recover for services as a nurse. The plaintiff elected at the trial to recover on quantum meruit. The jury awarded her $500, which was reduced to $450 by the Municipal Court justice presiding at the trial.

We think that the evidence for the plaintiff was not sufficient to establish this value for services rendered. The justice in his charge to the jury very properly said that the testimony on this subject was "slight—very slight." It appears that the plaintiff, a married woman, did go to live with her brother and his family when he was ailing from the diseases which finally resulted in his death, and that she did thereupon render services about the house and to him. But it also appears that she had her keep and that of her child at his expense, and that there were others, including nurses, who attended to the work about the house and to the care of the ill man. She testifies that she received a present of $50, which she now elects to charge on account. Her claim as presented against the estate is for $3 a day. This, taken with her keep, is a liberal charge, when we consider the circumstances of these people and the like services of others in the house.

The plaintiff relied practically upon evidence that the decedent declared that he wished his sister to receive $500; but the indications are that he was then considering a provision for her in his will. The declared intention of a testator with reference to his sister is not cogent evidence of the actual value of her services to him. While it is not entirely clear that any claim was established by the "very satisfactory evidence" required in such cases (Matter of Milligan, 112 App. Div. 374, 98 N. Y. Supp. 480, and cases cited), we are not prepared to say that the case did not present a question for the jury.

The judgment must be reversed, and a new trial ordered; costs to abide the event.